# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Philip J. Montoya v. Auto Depot, Inc.

**Case Number:** 05-01219

### Document Information

**Description:** Order, To Set Aside [6-1] Default Judgment .

**Received on:** 2006-01-24 15:52:46.000

**Date Filed:** 2006-01-24 00:00:00.000

**Date Entered On Docket:** 2006-01-24 00:00:00.000

### Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: DANA BAUDER, No. 7-05-11422 MA

Debtor.
_____

PHILIP MONTOYA, Trustee,

Plaintiff,

v. Adversary No. 05-1219 M

AUTO DEPOT, INC., a
New Mexico corporation,

Defendant.

## ORDER SETTING ASIDE DEFAULT JUDGMENT

THIS MATTER is before the Court on the Motion to Open Default Judgment Against Auto Depot and the Supplemental Motion to Set Aside Default Judgment (together, "Motion") filed by Defendant Auto Depot, Inc. ("Auto Depot"). The Motion seeks to set aside the Order Granting Plaintiff's Motion for Default Judgment Against Auto Depot, Inc. (" Default Judgment"), entered November 17, 2005. The Court held a final hearing on the Motion on January 20, 2005 and took the matter under advisement. Upon review of the record of this adversary proceeding and after consideration of the arguments of counsel, and being otherwise sufficiently informed, the Court finds that there is sufficient cause to set aside the Default Judgment. Accordingly, the Court will grant the Motion. In reaching this determination, the Court FINDS:

1. Plaintiff Philip Montoya is the Chapter 7 trustee appointed in the Dana Bauder bankruptcy

1

proceeding, Case No. 7-05-11422 MA.

2. On September 29, 2005, Plaintiff Philip Montoya filed a Complaint to Recover Fraudulent Transfers, to Recover Unauthorized Transfers, and for Turnover and Accounting of Property of the Estate ("Complaint") against Auto Depot.

3. A Summons and Notice of Scheduling Conference was issued on October 5, 2005 which required that a response to the Complaint be filed within thirty days of the date of issuance of the summons, and provided further that a scheduling conference was set for November 18, 2005 at 9:15am. (*See* Docket # 2).

4. Service of the Complaint was made on the president and registered agent of Defendant Auto Depot, Douglas Bauder, and upon Ronald E. Holmes, counsel for the Debtor, Dana Bauder. (*See* Docket # 3).

5. Auto Depot did not file an answer to the Complaint or other responsive pleading within thirty days of the date of issuance of the Summons and Notice of Scheduling Conference.

6. Douglas Bauder appeared at the date and time specified for the scheduling conference.

7. Defendant filed its Motion to Open the Default Judgment Against Auto Depot on November 25, 2005, eight days after the entry of the Default Judgment on November 17, 2005.

8. Under Rule 55(c), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7055, Fed.R.Bankr.P., the Court may set aside a default judgment upon a showing of good cause, in accordance with Rule 60(b), Fed.R.Civ.P.[1] Under Rule 60(b), Fed.R.Civ.P., made applicable to

---

[1]Rule 55(c), Fed.R.Civ.P. provides:
(c) **Setting Aside Default.** For good cause shown the court may set aside an entry of

bankruptcy proceedings by Rule 9024, Fed.R.Bankr.P., the Court may relieve a party from a final judgment on several grounds, including "mistake, inadvertence, surprise, or excusable neglect", or "any other reason justifying relief from the operation of the judgment." Rule 60(b)(1) and (6), Fed.R.Civ.P.

9. "[D]efault judgments are not favored inasmuch as the preferred disposition of any case is upon its merits." *Taylor v. Riley (In re MAPS Int'l, Inc.),* 152 B.R. 989, 991 (Bankr.N.D.Okla. 1993).

10. "The defaulting party has the burden of proving that the default judgment should be set aside." *In re Wallace,* 298 B.R. 435, 440 (10th Cir. BAP 2003) (citations omitted).

11. In order for a default judgment to be set aside in accordance with the standards enumerated under Rule 60(b), Fed.R.Civ.P., the movant must demonstrate that the default was not caused by his or her own culpable conduct, that the movant has a meritorious defense, and that the plaintiff will not be prejudiced by setting aside the default judgment. *Id.* (citing *United States v. Timbers Preserve,* 999 F.2d 452, 454-455 (10th Cir. 1993)). *See also, Olympia Holding Corp. v. Gaynor Electric Co., Inc. (In re Olympia Holding Corp.),* 226 B.R. 705, 707 (Bankr.M.D.Fla. 1998) (mistake, inadvertence or excusable neglect requires a showing that the defaulting party "'had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint.'") (quoting *Florida Physician's Insurance Co. v. Ehlers,* 8 F.3d 780, 783 (11th Cir.

---

default, and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).
        Rule 55(c), Fed.R.Civ.P.

3

1993)).

12. In considering whether the movant has met the requirement of a meritorious defense, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone,* 588 F.2d 1316, 1319 (10th Cir. 1978).

13. Defendant has sufficiently shown that the Default Judgment should be set aside. The main focus of Defendant's defense is that because all of the debts of Dana Bauder were paid, there would be no need to recover the alleged fraudulent transfers for the benefit of creditors. Plaintiff directs the Court's attention to *Stalnaker v. DLC, Ltd.,* 376 F.3d 819 (8th Cir. 2004), which stands for the proposition that a trustee's adversary proceeding to recover fraudulent transfers for the benefit of the estate was proper notwithstanding that the debtor had settled its claims with all unsecured creditors prior to the trustee's recovery. Thus, Plaintiff argues, Defendant lacks a meritorious defense sufficient to set aside the Default Judgment. However, the affidavit of Douglas Bauder filed in support of the Motion also states that the Debtor received valuable consideration in return for the transfers to Auto Depot. *See* Affidavit of Douglas Bauder on behalf of Auto Depot, Inc., ¶ 21. This statement serves as a defense to a claim for fraudulent transfer based on a lack of consideration, or failure to receive reasonably equivalent value. "Likelihood of success is not the measure" in considering whether the defaulting defendant has raised a meritorious defense. *Baveley v. Powell (In re Baskett),* 219 B.R. 754, 761 (6th Cir. BAP 1998) (quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.,* 815 F.2d 391, 399 (6th Cir. 1998) (quoting *Keegel v. Key West & Carribean Trading Co.,* 627 F.2d 372, 374 (D.C.Cir. 1980)). Rather, "[t]he key consideration is 'to determine whether there is some

4

possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Id.* (quoting *INVST Fin. v. Chem-Nuclear,* 815 F.2d at 399) (quoting 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane Federal Practice and Procedure §2697, at 531 (1983)).

14. Plaintiff will suffer no prejudice to if the Default Judgment is set aside. Defendant filed the Motion only eight days after the entry of the Default Judgment, and supplemented it further two months later. "'Delay alone is not a sufficient basis for establishing prejudice.'" *Baskett,* 219 B.R. at 760 (quoting *INVST Fin. v. Chem-Nuclear,* 815 F.2d at 398). Plaintiff has made no other allegations of any harm he would suffer if the Default Judgment were set aside.

15. Finally, Defendant explained that it failed to answer based on advice from counsel that if it paid all of the Debtor's unsecured debts, the suit would be satisfied and the adversary proceeding would not go forward. Reliance on erroneous legal advice as justification for failing to file an answer is generally insufficient to show excusable neglect. *See Presidential Fin. v. Raynard (In re Raynard),* 171 B.R. 699, 702 (Bankr.N.D.Ga. 1994) (decision not to file answer based on erroneous legal advice was an intentional decision and did not constitute excusable neglect). However, in light of the fact that Douglas Bauder took steps on behalf of Defendant which he believed would satisfy the suit, and appeared at the date and time specified for the scheduling conference (albeit without an attorney as required by local rule[2]) only to discover that the Default Judgment had already been entered, the Court finds that Defendant's failure to file an answer to the Complaint was not solely the result of its own

---

[2]New Mexico Local Bankruptcy Rule 9010-2 requires that all corporations or partnerships "must be represented by an attorney authorized to practice before this court for all purposes except filing proofs of claim or participation in a meeting of creditors." NM LBR 9010-2.

culpable conduct.

Based on the foregoing, the Court concludes that Defendant has met its burden of showing good cause exists to set aside the Default Judgment in accordance with Rule 55(c), Fed.R.Civ.P. and Rule 60(b), Fed.R.Civ.P.

WHEREFORE, IT IS HEREBY ORDERED, that the Default Judgment, entered November 17, 2005 is hereby set aside.

ORDERED FURTHER, that within ten days of the date of entry of this Order, Defendant shall file an Answer to the Complaint.

ORDERED FINALLY, that the final hearing on damages scheduled for February 2, 2006 at 9:00am is VACATED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

George Moore
Bonnie Gandarilla
Attorneys for Plaintiff
PO Box 216
Albuquerque, NM 87103

Louis Puccini, Jr.
Attorney for Defendant
PO Box 30707
Albuquerque, NM 87190

Patti G. Hennessy
_____

6